**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BOBBY JONES,** | § | |
| **Plaintiff – Pro Se** | § | |
| | § | |
| **-vs-** | § | **CASE NO. A-11-CA-850-LY** |
| | § | |
| **MARKUS A. GREEN, DR. ROBY** | § | |
| **MITCHELL, THE TRAVIS COUNTY** | § | |
| **DISTRICT ATTORNEY, and** | § | |
| **EXECUTIVE DIRECTOR OF THE** | § | |
| **TEXAS BOARD OF MEDICAL** | § | |
| **EXAMINERS** | § | |
| **Defendants** | § | |

<u>**DEFENDANT TRAVIS COUNTY DISTRICT ATTORNEY'S MOTION TO REMAND**</u>

TO THE HONORABLE COURT:

COMES NOW Defendant Travis County District Attorney Lehmberg, by and through her attorney of record, and respectfully moves the Court to remand this suit to the 200th Judicial District Court of Travis County, Texas, and in support thereof would respectfully show the following:

## I.  EXHIBITS

**The exhibits listed below are incorporated as if fully set out herein:**

Exhibit 1:     Plaintiff's Petition for Permanent Injunctive Relief From Public Nuisances.
Exhibit 2:     Defendant Markus A. Green's Original Answer, Counterclaim, and Crossclaims.
Exhibit 3:     Executed Citation to Markus A. Green.
Exhibit 4:     Certified Copy of Docket Sheet for Cause No. D-1-GN-11-001217

## II.  FACTS AND PROCEDURAL HISTORY

On April 25, 2011, Plaintiff Jones sued Defendants Green, Mitchell, Lehmberg, and Robinson in the 200th Judicial District Court of Travis County, Texas, seeking injunctive Relief from Public Nuisances pursuant to TEX. CIV. PRAC. & REM. CODE §§ 125.062 and 125.064.

259816

**[Exhibit 1, at 1]**.   Plaintiff and Defendant Green are state inmates who are incarcerated in Amarillo, Texas.  *Id*. at 1–2.  Defendant Mitchell is a former medical doctor who has an office in Amarillo.  *Id*. at 1–2, 4–5.  Defendant Lehmberg is the Travis County District Attorney, and Defendant Robison is the Executive Director of the Texas Medical Board.  All parties are Texas residents.

Plaintiff recently learned that the inmate from whom he chooses to seek medical advice from, Defendant Green, has provided medical services to him without a license to practice medicine.  *Id*. at 2–3.  Plaintiff alleges that he is entitled to injunctive relief from public nuisances because Defendants Green and Mitchell have been practicing medicine without a license in violation of sections 165.152 and 165.153 of the Texas Occupation Code, and because Defendants Lehmberg and Robinson have failed to protect the public from Defendants Green's and Mitchell's unlawful practicing of medicine.  **[Exhibit 1, at 4–7]**.

On June 16, 2011, Defendant Green filed an Original Answer, Counterclaim, and Crossclaims, alleging that the statutes criminalizing his practicing of medicine without a license, TEX. OCC. CODE §§ 165.152 and 165.153, violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the U.S. Constitution.  **[Exhibit 2, at 3–5, 7–8]**.

Defendant Robinson filed a plea to the jurisdiction on August 12, 2011, and Defendant Lehmberg filed a motion to dismiss Plaintiff on August 23.  **[Exhibit 4, at 1]**.  On September 16, 2011, Judge Livingston granted Lehmberg's Motion to Dismiss Defendant and Robinson's Plea to the Jurisdiction and after holding a hearing in which Plaintiff and Defendant Green appeared by telephone.  **[Dkt. 1-1, at 4–7]**.

On September 26, 2011, Defendant Green filed a notice of removal with this Court. **[Dkt. 1, at 1]**.  Defendant Green's notice of removal was filed more than thirty days after he was

served with Plaintiff's suit, and more than thirty days after Defendant Lehmberg was served with Defendant Green's Original Answer, Counterclaim, and Crossclaims.  **[Exhibit 4, at 1]**.

## II.  STANDARD OF REVIEW

The party invoking the removal jurisdiction of a federal court bears the burden of establishing federal jurisdiction over the state court action.  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997).  The general removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  A district court may also remand a case on the basis of any procedural defect identified in a motion for remand that is filed within thirty days after the notice of removal. *Id*.

## III.  ARGUMENT

This suit should be remanded to the 200th Judicial District Court of Travis County, Texas because this Court lacks subject matter jurisdiction and because Defendant Green's notice of removal is procedurally defective.  Plaintiff has not alleged any facts or claims that establish federal court jurisdiction.  *See Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (holding that "a movant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law.").   In addition, none of the defendants, including Lehmberg, have consented (and do not consent) to Defendant Green's notice of removal.  *See Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992) (holding that removal under 28 U.S.C. § 1441 is procedurally defective where a defendant files a notice of removal without all of his co-defendants' consent to removal).  Finally, Defendant Green's notice of

removal was filed after the thirty day deadline to file for removal had expired.  *See* 28 U.S.C. § 1446(b).

**A.  The Court lacks subject matter jurisdiction over this suit because federal question jurisdiction is determined by the plaintiff's complaint, which does not raise any issues of federal law.**

A defendant or defendants in state court may remove "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b); *id.* § 1441(a).  A federal district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a case "arises under" federal law for purposes of § 1331 is determined by the well-pleaded-complaint rule.  *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).  "The well-pleaded-complaint rule also governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)."  *Id.* at n.2.

Under the well-pleaded-complaint rule, "a movant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law."  *Frank*, 128 F.3d at 922.  "Removal is not possible unless the plaintiff's well pleaded complaint raises issues of federal law sufficient to support federal question jurisdiction."  *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).  Consequently, a removed case must be remanded if the plaintiff's complaint does not establish federal jurisdiction.  *See* 28 U.S.C. § 1447(c) (stating that "[i]f at any time before final judgment it appears that the district court lacks subject matter, the case shall be remanded.").

**1.  Plaintiff's complaint does not raise issues of federal law that are sufficient to support federal question jurisdiction.**

This Court lacks subject matter jurisdiction over this suit because Plaintiff's complaint does not raise issues of federal law that are sufficient to support federal question jurisdiction. Plaintiff's only cause of action is for injunctive relief pursuant to a Texas statute.  **[Exhibit 1, at 1–2]** (seeking injunctive relief from public nuisances pursuant to TEX. CIV. PRAC. & REM. CODE §§ 125.062 and 125.064).  Plaintiff alleges that he is entitled to injunctive relief from public nuisances because Defendants Green and Mitchell have been practicing medicine without a license in violation of sections 165.152 and 165.153 of the Texas Occupation Code, and because Defendants Lehmberg and Robinson have failed to protect the public from Defendants Green's and Mitchell's unlawful practice of medicine.  *Id*. at 4–7.  Consequently, the state law claims raised in Plaintiff's complaint are insufficient to establish federal question jurisdiction.

### 2.  The allegations made by Defendant Green cannot serve as the basis for federal court jurisdiction.

The alleged constitutional violations made by Defendant Green in his counterclaim, cross-claim, and notice of removal cannot serve as the basis for federal court jurisdiction.  *See Holmes Group*, 535 U.S. at 831 (holding that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (holding that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction.").  In *Holmes Group*, the Supreme Court rejected the argument that a defendant's counterclaim could serve as the basis for federal jurisdiction because such a rule would defeat the plaintiff's well-pleaded-complaint and "*would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim*."  535 U.S. at 831–32 (emphasis added and internal citations omitted).  Accordingly, the alleged constitutional violations raised by Defendant Green cannot serve as the

basis for federal jurisdiction because it would defeat Plaintiff's well-pleaded-complaint and choice of forum.

**B. This suit should be remanded because Defendant Green's notice of removal is procedurally defective.**

    **1. Defendant Green failed to obtain consent to removal by all the defendants.**

This case should also be remanded because Defendant Green's notice of removal is defective. *See* 28 U.S.C. 1447(c) (stating that a district court may remand a case on the basis of any procedural defect identified in a motion for remand that is filed within thirty days after the notice of removal). Removal is defective where a defendant files a notice of removal without receiving <u>all</u> of his co-defendants' consent to removal. *Kerwood*, 969 F.2d at 168 ("Because the Red Cross must rely on the general removal statute, 28 U.S.C. § 1441, we hold that the Red Cross must obtain the consent of co-defendants."). Accordingly, this case should be remanded because none of the defendants (other than Green) has consented (and apparently do not consent) to Defendant Green's notice of removal.

    **2. Defendant Green filed his notice of removal after the thirty day deadline to file for removal had expired.**

A defendant who fails to timely exercise the right to removal typically loses that right. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). If the suit is removable when it is first filed, a defendant must file the notice of removal within thirty days after receiving both the summons and a copy of the complaint. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (citing 28 U.S.C. § 1446(b)). If the suit is not initially removable, "a defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional requirements … may remove the case to federal court within 30 days of receiving

such information." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996) (citing 28 U.S.C. § 1446(b)).

Assuming that this court does have federal question jurisdiction, Defendant Green's notice of removal is defective because it was filed on September 26, 2011, **[Dkt. 1, at 1]**, which is more than thirty days after allegations of constitutional violations were first raised. *See* **[Exhibit 3, at 1]** (issuing service of Plaintiff's suit to Defendant Green on June 03, 2011); **[Exhibit 2, at 1]** (issuing service of Defendant Green's cross-claims to Defendant Lehmberg on June 16, 2011); *see also* **[Exhibit 4, at 1]**. The first mention of violations of federal law in this case were made by Defendant Green in his Original Answer, Counterclaim, and Crossclaims, which was filed on June 16, 2011. *See generally* **[Exhibit 2]**. Thus, even if the constitutional violations alleged by Defendant Green could serve as the basis for federal question jurisdiction, Defendant Green's notice of removal is defective because it was filed more than thirty days after the first mention of constitutional claims (June 16, 2011).

## IV. CONCLUSION AND PRAYER

For the foregoing reason, Travis County District Attorney Lehmberg respects asks for this Court to remands this suit to the 200th Judicial District Court of Travis County, Texas, and for any and all further relief to which Defendant may be entitled, both at law and in equity.

///

259816

Respectfully submitted,

DAVID A. ESCAMILLA
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone:     (512) 854-9513
Facsimile:     (512) 854-4808

By:       /s/ Sherine E. Thomas
       Sherine E. Thomas
       State Bar No. 00794734
       *Attorney for Defendant*
       *Travis County District Attorney*
       *Rosemary Lehmberg*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was electronically filed with the

Court which will send notification to the parties listed below electronically, via the CM/ECF system

on this 20th day of October, 2011 as follows:

Sherine E. Thomas
P.O. Box 1748
Austin, Texas  78767
*Attorney for Defendant Travis County*
*District Attorney Rosemary Lehmberg*

Ted. A Ross
Assistant Attorney General
Office of the Attorney General of Texas
Environmental Protection and Administrative Law Division
P. O. Box 12548
Austin, Texas 78711-2548
*Attorney for Defendant Mari Robinson,*
*Executive Director of the Texas Medical Board*

I further hereby certify that the foregoing Defendant Travis County District Attorney's

Motion to Remand has been sent via certified mail, return receipt requested to the following *pro se*

parties:

Bobby Jones, #679520                    **<u>Via CMRRR # 7010 1060 0001 0914 8752</u>**
Neal 9055 Spur Road 591
Amarillo, Texas 79107
*Plaintiff* Pro Se

Markus A. Green, #118715                 **<u>Via CMRRR # 7010 1060 0001 0914 8837</u>**
Neal Unit 9055 Spur Road 591
Amarillo, Texas 79107
*Defendant* Pro Se

                              _____/s/ Sherine E. Thomas_____
                              Sherine E. Thomas
                              Assistant County Attorney

259816