RECEIVED
NOV - 2 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BOBBY JONES, Pro se
PLAINTIFF, §

CAUSE NO: A-1-11-cv-850-LY-AWA

V. §

MARKUS A. GREEN, Pro se
DR. ROBY MITCHELL,
THE TRAVIS COUNTY DISTRICT
ATTORNEY, AND THE EXECUTIVE
DIRECTOR OF TEXAS MEDICAL
BOARD,
DEFENDANTS, §

FILED
NOV 02 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY CLERK

**DEFENDANT, MARKUS A. GREEN'S, GENERAL DENIAL/OBJECTIONS TO DEFENDANT, TRAVIS COUNTY, D.A.'S, MOTION TO REMAND**

**COMES NOW**, Defendant, **MARKUS A. GREEN**, appearing pro se, and respectfully moves this COURT to **DENY** Defendant, TRAVIS COUNTY D.A.'S, **MOTION TO REMAND**, And in support thereof, would show this COURT the following:

I.

Defendant, GREEN, must assert a General Denial, and object to defendant's, TRAVIS COUNTY D.A.'S, Motion to Remand, without the support of any caselaw, because he is unable to obtain a lay-in pass from the NEAL UNIT LAWLIBRARY in order to research his defense of this Motion to Remand; All of his I - 60 request forms (see enclosed I - 60s copies) have been ignored, and unanswered; thus his access to courts, and his defense of this motion has been crippled and the only possible defense is a General Denial.

II.

Defendant, GREEN, is appearing pro se, and he is therefore, held to a less stringent standard; " if a court can reasonably read pleadings to state a valid claim upon which litigant could prevail, it should do so, despite failure to cite proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigant's unfamiliarity with pleading requirements": quoting **HAINES V. KERNER**, 404 U.S. 519, 30 LEd2d 652, 92 SCT. 594 (1972).

With that standard in mind, and considering defendant, GREEN'S, inability to access the law-library in order to adequately defend this Motion to Remand, this cause of action must not be remanded to the state court based upon the following General Denial, and Objections:

**GREEN'S GENERAL DENIAL/OBJECTIONS TO DEFENDANT TRAVIS COUNTY D.A.'S "II. STANDARD OF REVIEW "**

Defendant, GREEN, Generally denies, and Objects to the TRAVIS COUNTY D.A.'S **STANDARD OF REVIEW** because; a). The HAINES standard should apply to defendant, GREEN, (See HAINES ID.) and, b). The caselaw cited by the defendant, LEHMBERG, i.e "**FRANK ID.**", and **DOE V. KERWOOD,** 969 F.2d 165, 168 (5th Cir. 1992) are in reference to causes of actions removed to federal court, pursuant to 28 U.S.C. §1441, and in the instant case, defendant, GREEN'S, removal was filed pursuant to 28 U.S.C. §1443, and §1443(a); c) defendant, GREEN, filed his removal within the guidelines established by 1446(b) " if the case stated by the initial pleading is not removable, a Notice of removal may be filed within 30 days after receipt by the defendant... of a copy of a motion, order, or other paper". GREEN filed his removal "within 30 days after receipt...of a copy of a...motion" (LEHMBERG'S MOTION TO DISMISS) and "order" (the COURT'S ORDER GRANTING MOTION TO DISMISS), and before the COURT'S hearing on the Plaintiff BOBBY JONES' ORIGINAL COMPLAINT against GREEN, or GREEN'S ANSWER, OR COUNTERCLAIM against Plaintiff JONES, and also before the COURT'S rulings, or hearings on any of GREEN'S MOTIONS (which were never ruled upon), and before hearings on any of the Plaintiff's motions (Motion for default against Dr. Roby Mitchell) and before any of Dr. Roby Mitchell's Motions could be heard. Thus, GREEN'S removal is well within the statutory guidelines of §1446(b), and his removal must not be remanded back to state court, because GREEN filed his notice of removal, immediately upon discovering a removable issue under §1443, and he filed it in accordance with §1446(b).

**GREEN'S GENERAL DENIAL/OBJECTIONS TO THE DEFENDANT, LEHMBERG'S, ASSERTIONS IN "A" OF "III. ARGUMENT"**

Defendant, LEHMBERG, argues that a lack of subject matter jurisdiction exist under 28 U.S.C. §1441(a), §1441(b), and §1331; However, jurisdiction in the instant case is conferred pursuant to 28 U.S.C. §1443, §1443(a), and this COURT, therefore, has jurisdiction over the subject matter.

Secondly, LEHMBERG, argues that under **HOLMES GROUP INC. V. VORNADO AIR CIRCULATION SYS., INC.,** 535 U.S. 826, 830 (2002), the Court ruled that " Well-pleaded-complaint rule also governs whether a case is removable from state to

federal court, **pursuant to 28 u.s.c. §1441(a)** Id at n.2; but as previously stated, GREEN'S removal is pursuant to 28 U.S.C. §1443; therefore, the **HOLMES** decision relied upon by defendant, LEHMBERG does not apply to GREEN'S removal; Likewise, the **RODRIQUEZ**, decision relied upon by defendant, LEHMBERG (SEE pg. 4, of LEHMBERG'S MOTION TO REMAND: Second paragraph of subsection "A") is not applicable for the same reasons that the **HOLMES** ruling is'nt applicable.

**GREEN'S GENERAL DENIAL/OBJECTIONS TO THE DEFENDANT'S LEHMBERG'S ARGUMENTS IN "III. ARGUMENT A.1)**

GREEN Generally Denies, and objects to LEHMBERG'S assertions, because the Plaintiff's (BOBBY JONES") claims are not the basis for jurisdiction in a cause of action removed, pursuant to §1443; a removal pursuant to §1443(a) is based upon a defendant's assertion that he is being "denied and can not enforce in the courts of such state a right under any law providing for the equal civil rights of citizens of the United states, or of all persons within the jurisdiction thereof". GREEN has asserted that claim (SEE Page 3 sect. II of GREEN'S Notice of removal on file with the court and in this denial) Therefore, GREEN'S removal must not be remanded back to state court.

**GREEN'S GENERAL DENIAL/OBJECTIONS TO LEHMBERG'S ARGUMENTS IN "III. ARGUMENTS A. 2 "**

Defendant, GREEN, Generally Denies, and also Objects to Defendant, LEHMBERG'S assertions that " the alleged constitutional violations made by GREEN in his Counterclaim, cross-claim, and notice of removal can not serve as the basis for federal court jurisdiction" because, LEHMBERG'S assertions springs exclusively from the U.S. SUPREME COURT'S rulings (HOLMES GROUP, 535 U.S. at 83, and MERRELL DOW PHARM. INC. V. THOMPSON, 478 U.S. 804, 808) that specifically embrace removal actions filed pursuant to 28 U.S.C. §1441(a); See ~~HOMES~~ HOLMES 535 U.S. 830 at n.2 .

**GREEN GENERALLY DENIES, AND OBJECTS TO LEHMBERG'S ARGUMENTS IN "III. ARGUMENTS B. 1"**

a) Defendant, GREEN, Generally denies due to state actors at the NEAL UNIT LAW LIBRARY impeding his Access to the LAW LIBRARY, and interferring with his ability to research his defense of LEHMBERG'S MOTION TO REMAND (SEE enclosed copies of unanswered I-60s request for law library times).

b) GREEN generally denies his suit is procedurally defective due to the HAINES STANDARD OF REVIEW that should be applied to him. SEE **HAINES ID.**

c) GREEN objects to the assertion that his suit should be remanded, because, LEHMBERG'S assertions are based upon 1) a misinterpretation of 28 U.S.C. §1447(c); as stated previously, §1447(c) does'nt specifically state that "a district court may remand a case on the basis of any procedural defect..." it simply gives a movant the right to request a remand.

2) LEHMBERG'S assertions are based upon the **KERWOOD**, ruling (SEE KERWOOD, 969 F.2d at 168), which targets **CLASS ACTIONS** removed pursuant to §1441, but Green's is ~~rather~~ under §1443, as such KERWOOD, is not applicable, and his removal must not be remanded to the state court.

**GREEN GENERALLY DENIES, AND OBJECTS TO LEHMBERG'S ARGUMENTS in " ARGUMENTS B. 2 "**

GREEN'S suit did not become a removable action until he was denied, and could not "enforce in the courts of such state a right under any law...."; as stated in his Notice of Removal, GREEN'S equal civil rights were denied and could not be enforced as a consequence of the 200th JUDICIAL DISTRICT COURT'S actions, and inactions taken during the SEPTEMBER 16th, 2011 Telephone hearing; and pursuant to §1446(b), he (GREEN), can file a removal "within 30 days after receipt...of a copy of a...Motion, Order, or other paper". SEE 28 U.S.C. §1446(b). Therefore, GREEN'S removal must not be remanded to the state court.

**CONCLUSION AND PRAYER**

**WHEREFORE PREMISES CONSIDERED**, defendant GREEN, asks this COURT to **DENY** DEFENDANT **LEHMNBERG'S MOTION FOR REMAND**, set this cause for a hearing, and allow, defendant GREEN to be present at the hearing, and any other relief to which he is justly entitled to in equity and in law

**RESPECTFULLY SUBMITTED,**

Markus A. Green

**MARKUS A. GREEN #1118715**
**NEAL UNIT FACILITY I -221-B**
**9055 SPUR RD. 591**
**AMARILLO, TEXAS 79107**

Dated: Oct 30, 2011

Markus A. Green #1118715
Neal Unit Facility I-221-B
9055 ~~Spur~~ Rd 591
Amarillo, Texas 79107

AMARILLO, TX
OCT 31 2011

RECEIVED
NOV - 2 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

Clerk, U.S. District Court
Western District of Texas
United States Courthouse
200 W. 8th Street Room 130
Austin, Texas 78701-9620

Legal Documents