IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BOBBY JONES,** § | |
| **Plaintiff – Pro Se** § | |
| § | |
| -vs- § | Case No. 1:11-cv-00850-LY-AWA |
| § | |
| **MARKUS A. GREEN, DR. ROBY** § | |
| **MITCHELL, THE TRAVIS COUNTY** § | |
| **DISTRICT ATTORNEY, and** § | |
| **EXECUTIVE DIRECTOR OF THE** § | |
| **TEXAS BOARD OF MEDICAL** § | |
| **EXAMINERS** § | |
| **Defendants** § | |

### DEFENDANT TRAVIS COUNTY DISTRICT ATTORNEY'S REPLY TO DEFENDANT, MARKUS A. GREEN'S, GENERAL DENIAL/OBJECTIONS TO DEFENDANT, TRAVIS COUNTY, D.A.'S, MOTION TO REMAND

TO THE HONORABLE COURT:

COMES NOW Defendant Travis County District Attorney Lehmberg, by and through her attorney of record, and hereby files this Reply to Defendant, Markus A. Green's, General Denial/Objections to Defendant, Travis County, D.A.'s, Motion to Remand, and respectfully shows the following:

**I. ARGUMENT**

Under 28 U.S.C. § 1443(1), a defendant may remove a state court civil or criminal proceeding to federal court if he "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).[1] The Supreme Court has established a stringent two-pronged test governing removal pursuant to Section 1443(1) as follows:

---

[1] Removal under 28 U.S.C. §1443(2) is not possible in this case because subsection 2 is only available to federal officers and to persons assisting federal officers in the performance of their official duties. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 815 (1966).

> First, it must appear that the right allegedly denied the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality."
> …
> Second, it must appear, in accordance with the provisions of s 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights "in the courts of (the) State."

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted and paragraph breaks added); *see also State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (explaining that "[t]o gain removal to federal court under 28 U.S.C. s 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.").

### A. None of the rights Defendant Green was allegedly deprived of can support a valid claim for removal under 28 U.S.C. §1443(1).

Defendant Green's removal petition fails to trigger this Court's subject-matter jurisdiction because the rights allegedly denied from Green do not arise under a federal law providing for specific civil rights stated in terms of racial equality. Defendant Green's removal petition alleges that Green is being denied of his guaranteed rights under the Fourteenth Amendment's Due Process and Equal Protection clauses, and the First Amendment. **[Dkt. 1, at 3,5]**. None of the rights provided by these constitutional provisions can support a valid claim for removal under 28 U.S.C. §1443(1). *See State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966) (holding that the First Amendment and Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under Section 1443); *Sunflower Cnty. Colored Baptist Ass'n v. Trs. of Indianola Mun. Separate Sch. Dist.*, 369 F.2d 795, 796 (5th Cir. 1966) (holding that a defendant's right to equal protection of the laws cannot support a valid claim for removal under Section 1443).

Defendant Green's argument that removal is proper under Section 1443 is foreclosed by the Supreme Court's decision in *Rachel* and the Fifth Circuits decision in *Sunflower*.  In *Rachel*, the Supreme Court held that claims "under the First Amendment and Due Process Clause of the Fourteenth Amendment cannot support a valid claim for removal under s 1443, because the guarantees of those clauses *are phrased in terms of general application available to all persons or citizens*, rather than in the specific language of racial equality that s 1443 demands." 384 U.S. at 792 (emphasis added).  In *Sunflower*, the Fifth Circuit addressed whether a civil rights organization's right to a fair trial and equal protection of the laws could support removal under Section 1443.  369 F.2d at 796.  Relying on *Rachel*, the Fifth Circuit held that "[t]he Association's right to a fair trial and equal protection of the laws and its rights under 42 U.S.C. § 1983 do not arise from legislation providing for specific civil rights in terms of racial equality and therefore such legislation cannot support a valid claim for removal under § 1443." *Id*.

Accordingly, this case should be remanded to the 200th Judicial District Court of Travis County, Texas because none of the guaranteed rights Defendant Green was allegedly deprived of can support a valid claim for removal under 28 U.S.C. §1443(1).

**B   Defendant Green's removal petition fails to establish that he is being denied or cannot enforce equal civil rights in Texas courts due to some formal expression of Texas law.**

Even if Defendant Green's removal petition satisfies the first prong of the two-part test set forth in *Johnson*, this case should be remanded because Defendant Green's removal petition fails to establish that he is being denied or cannot enforce equal civil rights in Texas courts *due to some formal expression of Texas law*. See *Johnson*, 421 U.S. at 219 (explaining that Section 1443(1) normally requires that "the denial [of federal rights must] be manifest in a formal expression of state law, *such as a state legislative or constitutional provision, rather than a*

*denial first made manifest in the trial of the case*.") (emphasis added, citations omitted, and internal quotation marks deleted); *see also City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966) (holding that "[u]nder s 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

Defendant Green's removal petition fails to trigger this Court's subject-matter jurisdiction because it does not allege that Green is being denied or cannot enforce his equal civil rights in Texas courts due to some formal expression of Texas law, such as a state legislative or constitutional provision. Defendant Green's removal petition complains only of a denial of rights that were first made manifest in the trail court. *See* **[Dkt. 1, at 4-–12, 15–16]** (alleging that Green cannot enforce his rights in the 200th Judicial District Court of Travis County, Texas because of actions taken by the Honorable Judge Livingston during a hearing on the Defendant Lehmberg's Motion to Dismiss and Defendant Robinson's Pleas to the Jurisdiction).[2] Allegations of a denial of rights first made manifest in the trial court are not sufficient to support removal under Section 1443(1). *Johnson*, 421 U.S. at 219. Accordingly, this case should be remanded to the 200th Judicial District Court of Travis County because Defendant Green's removal petition fails to trigger this Court's subject-matter jurisdiction.

---

[2] Defendant Green also complains of certain actions taken by prison staff at the Neal Unit. **[Dkt. 1, at 11–14]**. The prison staff at the Neal Unit are not parties to this suit, have no relationship to the Government Defendants in this case, and are not under the control of the Government Defendants or Judge Livingston. Thus, none of the allegations relating to the prison staff have any bearing on this case and cannot serve as the basis for removal.

## II.  CONCLUSION AND PRAYER

For the foregoing reasons, and the reasons stated in her Motion to Remand **[Dkt. 13]**, Travis County District Attorney Lehmberg respectfully asks for this Court to remand this suit to the 200th Judicial District Court of Travis County, Texas, and for any and all further relief to which Defendant may be entitled, both at law and in equity.

                        Respectfully submitted,

                        DAVID A. ESCAMILLA
                        County Attorney, Travis County
                        P. O. Box 1748
                        Austin, Texas 78767
                        Telephone:   (512) 854-9513
                        Facsimile:    (512) 854-4808

By:   /s/ Sherine E. Thomas
       Sherine E. Thomas
       State Bar No. 00794734
       *Attorney for Defendant*
       *Travis County District Attorney*
       *Rosemary Lehmberg*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Court which will send notification to the parties listed below electronically, via the CM/ECF system on this 14th day of November, 2011 as follows:

Sherine E. Thomas
P.O. Box 1748
Austin, Texas  78767
*Attorney for Defendant Travis County*
*District Attorney Rosemary Lehmberg*

Ted. A Ross
Assistant Attorney General
Office of the Attorney General of Texas
Environmental Protection and Administrative Law Division
P. O. Box 12548
Austin, Texas 78711-2548
*Attorney for Defendant Mari Robinson,*
*Executive Director of the Texas Medical Board*

I further hereby certify that the foregoing Reply has been sent via certified mail, return receipt requested to the following *pro se* parties:

**Via CMRRR #7008 1140 0002 7307 1931**
Bobby Jones, #679520
Neal 9055 Spur Road 591
Amarillo, Texas 79107
*Plaintiff* Pro Se


**Via CMRRR #7008 1140 0002 7307 1948**
Markus A. Green, #118715
Neal Unit 9055 Spur Road 591
Amarillo, Texas 79107
*Defendant* Pro Se

  /s/ Sherine E. Thomas
Sherine E. Thomas
Assistant County Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BOBBY JONES,** § | |
| **Plaintiff – Pro Se** § | |
| § | |
| -vs- § | Case No. 1:11-cv-00850-LY-AWA |
| § | |
| **MARKUS A. GREEN, DR. ROBY** § | |
| **MITCHELL, THE TRAVIS COUNTY** § | |
| **DISTRICT ATTORNEY, and** § | |
| **EXECUTIVE DIRECTOR OF THE** § | |
| **TEXAS BOARD OF MEDICAL** § | |
| **EXAMINERS** § | |
| **Defendants** § | |

## ORDER

Before the Court is Defendant Travis County District Attorney's Motion to Remand. After careful consideration of the Motion, Defendant Green's Response, Defendant Travis County District Attorney's Reply, and the pleadings filed by the parties, the Court is of the opinion that the Motion has merit and should be **GRANTED**.

Accordingly, it is **ORDERED, ADJUDGED AND DECREED** that this suit is remanded to the 200th Judicial District Court of Travis County, Texas.

SIGNED this _____ day of _____, 2011.

_____
UNITED STATES DISTRICT JUDGE