IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BOBBY JONES,

> Plaintiff,

-vs-                                                    Case No. A-11-CA-850-JN

MARKUS A. GREEN, DR. ROBY MITCHELL,
TRAVIS COUNTY DISTRICT ATTORNEY, and
EXECUTIVE DIRECTOR OF THE TEXAS
BOARD OF MEDICAL EXAMINERS,

> Defendants.

## O R D E R

Before the Court are the Notice of Removal filed by Defendant Markus A. Green (Doc. No. 1), the Motion to Remand and Memorandum in Support filed by Defendant Executive Director (Doc. No. 10), Defendant Green's response thereto (Doc. No. 16), the Executive Director's reply (Doc. No. 17), Defendant Green's Motion to Dismiss or Deny the Executive Director's reply (Doc. No. 19), the Motion to Remand filed by Defendant Travis County District Attorney (Doc. No. 13), Defendant Green's response thereto (Doc. No. 18), the Travis County District Attorney's reply (Doc. No. 20),  Defendant Green's Motion to Dismiss the Travis County District Attorney's reply (Doc. No. 21), the Travis County District Attorney's response thereto (Doc. No. 22), and Defendant Green's response (Doc. No. 23).

On September 26, 2011, Defendant Markus A. Green removed this case to federal court from the 200th Judicial District Court of Travis County, Texas.  This is not the first case Green has removed to this Court from Travis County.  As explained previously to Green, federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673,

1675 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c). In this case, removal jurisdiction is precluded because no federal court would have had original jurisdiction over the state court proceeding. The state court proceeding was filed by Inmate Bobby Jones, seeking injunctive relief from public nuisances pursuant to TEX. CIV. PRAC. & REM. CODE §§ 125.062 and 125.064.

The Court also does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1443(1). *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591 (1975). Green's removal petition only makes conclusory allegations that the state court violated his constitutional rights based on race. As explained previously to Green, conclusory allegations are not adequate grounds for removal. For removal of a case under § 1443 to be proper, "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] state.'" *Id.* (citations omitted). If Green is dissatisfied with the actions of the state trial court, his proper course of action is to appeal in state court, not remove the action to federal court.

Defendant Green's removal is also procedurally defective. The Fifth Circuit has repeatedly held that the removal procedure outlined in section 1446 mandates consent by all defendants to the removal petition. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970). Defendant Travis County District

Attorney and Defendant Executive Director of the Texas Board of Medical Examiners do not consent to the removal and move to remand this case to the 200th Judicial District Court of Travis County, Texas.

It is therefore **ORDERED** that the Motion to Remand, filed by the Executive Director of the Texas Board of Medical Examiners, filed on October 17, 2011, is **GRANTED**.

It is further **ORDERED** that the Motion to Remand, filed by the Travis County District Attorney on October 20, 2011, is **GRANTED**.

It is further **ORDERED** that the Motion to Dismiss the Executive Director's Motion to Remand, filed by Defendant Green on November 9, 2011, is **DENIED**.

It is further **ORDERED** that the Motion to Dismiss the Travis County District Attorney's Motion to Remand, filed by Defendant Green on November 21, 2011, is **DENIED**.

It is further **ORDERED** that this case is remanded to the 200th Judicial District Court of Travis County, Texas, and this case is closed.

SIGNED this the _13th_ day of December 2011.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE